UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

ANDRE OWENS,

Docket No.

Plaintiff

-against-

CITY OF NEW YORK, POLICE OFFICER PARAY,
SHIELD NO. 7591, SERGEANT "JOHN" STUKES,
SHIELD NO. 4778,

Defendants.

CV09- 5148

COMPLAINT AND
JURY DEMAND

ECF CASE

------------------------------------------------------------- x

Plaintiff Andre Owens (or "Mr. Owens") by his attorneys, Stoll, Glickman & Bellina,

LLP, for his complaint alleges as follows:

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which plaintiff seeks relief through 42 U.S.C.
§1983 for the violation of his Fourth Amendment rights, in addition to violations of the
laws and Constitution of the State of New York.

2.    The complaint arises from a September 21, 2008 incident in which Officers of
the New York City Police Department (or "the officers"), acting under color of state law,
intentionally assaulted and arrested Mr. Owens as he was innocently walking down the
street. Mr. Owens was incarcerated at the 81st precinct for approximately 15 hours, where
he was repeatedly verbally abused by defendants, and at Brooklyn Central Booking for
approximately 13 hours. The Kings County District Attorney's office declined to
prosecute plaintiff and he was released. The next day he went to St. Vincent's Hospital
for lacerations and bruising caused by the officers' assault.

1

3.    Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4.    This action arises under the Fourth Amendment to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the laws and Constitution of the State of New York.

5.    The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of pendent jurisdiction.

6.    The amount in controversy exceeds $75,000.00 excluding interest and costs.

## VENUE

7.    Venue is laid within the Eastern District of New York pursuant to 28 U.S.C. §1391(b) in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District.

## PARTIES

8.    Plaintiff resided at all times here relevant in Kings County, City and State of New York.

9.    The City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at all times here relevant, Defendant City

was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

10.  Police Officer Paray was, at all times here relevant, a police officer of the NYPD, and as such was acting in the capacity of an agent, servant and employee of the City of New York. On information and belief, at all times relevant hereto, Defendant Paray was plaintiff's "arresting officer" and was under the command of the 81st precinct. Defendant Paray is sued in his individual capacity.

11.  Sergeant "John" Stukes was, at all times here relevant, a sergeant of the NYPD, and as such was acting in the capacity of an agent, servant and employee of the City of New York. On information and belief, at all times relevant hereto, Defendant Stukes was under the command of the 81st precinct and is sued in his individual capacity.

12.  At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

13.  Within 90 days of the events giving rise to these claims, plaintiff filed written notices of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of those notices, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

14.  On September 21, 2008, at approximately 6:30 p.m., Mr. Owens was headed to a local food store on his way home after dropping his daughter off at her mother's house.

15.  Mr. Owens was walking east on the sidewalk on Herkimer Avenue towards

Troy Avenue when he noticed a marked police vehicle occupied by defendants driving east on Herkimer. Mr. Owens was not breaking any laws while he walked.

16.    As the police vehicle turned from Herkimer Avenue to go north on Troy Avenue, Mr. Owens also walked north on Troy Avenue, noticing that the vehicle slowed.

17.    While the vehicle was slowly moving next to Mr. Owens, the defendant who was driving asked him what he had in his hand.

18.    Mr. Owens, still walking, answered that he was holding a five dollar bill and Mr. Owens did in fact have a five dollar bill folded in his left hand.

19.    From inside the vehicle, defendants shouted for Mr. Owens to "Stop", stopped the vehicle and jumped out of the car.

20.    Mr. Owens responded "For what?" and kept walking.

21.    As defendants approached Mr. Owens, he stopped.

22.    Without providing any reason or warning for their actions, and without verbal or physical provocation from Mr. Owens, defendant who was driving the vehicle pushed Mr. Owens against the gate between the sidewalk and the parking lot of the Lawrence H. Woodward Funeral Home.

23.    The defendant who was driving the vehicle asked again about what was in plaintiff's hand and plaintiff again answered "five dollars, five dollars."

24.    The officer who was driving then turned Mr. Owens around and grabbed his shirt, throwing him up against the gate, hitting his face against the gate.

25.    Defendants then both threw Mr. Owens to the ground, where he landed face down, causing a laceration to his forehead.

26.    As the defendants placed handcuffs on Mr. Owens, he protested that they were

twisting his wrist. Defendants scraped his hands across the ground, causing scraping, swelling and bruising to his hands.

27.    After Mr. Owens was handcuffed, defendants dragged him into the car and then threw a sneaker that had fallen off plaintiff's foot in with him.

28.    Defendants then took plaintiff to the 81st precinct, where they verbally harassed him, photographed, fingerprinted and held him for approximately 15 hours. Defendant Paray specifically told plaintiff that he could have really hurt him if he wanted to.

29.    Plaintiff's mother, cousin and godbrother came to the precinct to bring Mr. Owens food, to take his property and to find out why he was arrested and being detained for such a long time.

30.    EMS personnel came to the 81st precinct and Mr. Owens requested to go to the hospital. However, the defendant who was driving the vehicle when Mr. Owens was arrested told him not to go to the hospital because he would be in jail for days. Mr. Owens then refused to go to the hospital.

31.    Plaintiff was then taken to Brooklyn Central Booking, where he was held in a crowded jail cell with other detainees for several hours with little access to food, water, or bathroom facilities.

32.    Plaintiff was released from Brooklyn Central Booking at approximately 10:00 p.m. without seeing a judge because the King's County District Attorney's Office declined prosecution.

33.    At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described

and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

34. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

<u>DAMAGES</u>

35. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a.     Violation of his right pursuant to the Fourth Amendment of the United States Constitution to be free from an unreasonable search and seizure of his person;

    b.     Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

    c.     Physical pain and suffering;

    d.     Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

    e.     Loss of liberty; and

    f.     Attorney's and court fees.

<u>FIRST CAUSE OF ACTION</u>
42 U.S.C. § 1983 – False Arrest and False Imprisonment
(Against Officer Defendants)

36. The above paragraphs are here incorporated by reference.

37. The officer defendants wrongfully and illegally arrested, detained and imprisoned plaintiff.

38.    The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of plaintiff was carried out without a valid warrant, without plaintiff's consent, and without probable cause or reasonable suspicion.

39.    At all relevant times, defendants acted forcibly in apprehending, arresting, and imprisoning plaintiff.

40.    Throughout this period, plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, imprisoned and falsely charged.

41.    At all times, the unlawful, wrongful, and false arrest and imprisonment of plaintiff was without basis and without probable cause or reasonable suspicion.

42.    All of this occurred without any illegal conduct by plaintiff.

43.    The Kings County District Attorney's office declined to prosecute plaintiff.

44.    The officer defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by officer defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by the United States Constitution.

45.    As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

SECOND CAUSE OF ACTION
New York State Constitution – Article I §12
False Arrest and False Imprisonment
(Against All Defendants)

46.    The above paragraphs are here incorporated by reference.

47.    The officer defendants wrongfully and illegally arrested, detained and

7

imprisoned plaintiff.

48.   The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of plaintiff was carried out without a valid warrant, without plaintiff's consent, and without probable cause or reasonable suspicion.

49.   At all relevant times, defendants acted forcibly in apprehending, arresting, and imprisoning plaintiff.

50.   Throughout this period, plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, imprisoned and falsely charged.

51.   At all times, the unlawful, wrongful, and false arrest and imprisonment of plaintiff was without basis and without probable cause or reasonable suspicion.

52.   All of this occurred without any illegal conduct by plaintiff.

53.   The Kings County District Attorney's office declined to prosecute plaintiff.

54.   Defendants, their officers, agents, servants and employees, were responsible for plaintiff's arrest, detention and imprisonment during this period of time. Defendant City, as employer of Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

55.   Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct towards plaintiff.

56.   The officer defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by officer defendants were beyond the scope of their

jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by the Constitution of the State of New York.

57.    As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

**THIRD CAUSE OF ACTION**
False Arrest and False Imprisonment
(Against All Defendants)

58.    The above paragraphs are here incorporated by reference.

59.    Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

60.    Defendants intended to confine plaintiff, plaintiff was conscious of his confinement and did not consent to his confinement.

61.    The Kings County District Attorney declined to prosecute plaintiff.

62.    Defendants, their officers, agents, servants and employees, were responsible for plaintiff's arrest, detention and imprisonment during this period of time. Defendant City, as employer of Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

63.    As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

**FOURTH CAUSE OF ACTION**
42 U.S.C. §1983 – Excessive Force
(Against Officer Defendants)

64.    The above paragraphs are here incorporated by reference.

65.    By using excessive force against plaintiff, and failing to intervene on behalf of

9

one another's unlawful and unconstitutional conduct, defendants deprived plaintiff of his rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. §1983, including, but not limited to, rights guaranteed by the Fourth Amendment to the United States Constitution.

66.    In addition, the officer defendants conspired amongst themselves to deprive plaintiff of his constitutional rights and took numerous steps in furtherance of such conspiracy, as set forth above.

67.    The officer defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by officer defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by the United States Constitution.

68.    As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

## FIFTH CAUSE OF ACTION
### New York State Constitution Art. I § 12 – Excessive Force
#### (Against All Defendants)

69.    The above paragraphs are here incorporated by reference.

70.    By using excessive force against plaintiff, and failing to intervene on behalf of one another's unlawful and unconstitutional conduct, defendants deprived plaintiff of his rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. §1983, including, but not limited to, rights guaranteed by Article I Section 12 of the New York State Constitution.

10

71.   In addition, the officer defendants conspired amongst themselves to deprive plaintiff of his constitutional rights and took numerous steps in furtherance of such conspiracy, as set forth above.

72.   Defendants, their officers, agents, servants and employees, were responsible for plaintiff's arrest, detention and imprisonment during this period of time. Defendant City, as employer of Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

73.   The officer defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by officer defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by the New York State Constitution.

74.   As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

SIXTH CAUSE OF ACTION
Assault and Battery
(Against All Defendants)

75.   The above paragraphs are here incorporated by reference.

76.   Upon approaching, pushing, throwing plaintiff to the ground, handcuffing and arresting plaintiff, defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

77.   Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him without his consent.

78. Defendants used excessive and unnecessary force with plaintiff.

79. Defendants, their officers, agents, servants and employees, were responsible for plaintiff's arrest, detention and imprisonment during this period of time. Defendant City, as employer of Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

80. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

### SEVENTH CAUSE OF ACTION
Negligence
(Against All Defendants)

81. The above paragraphs are here incorporated by reference.

82. Defendants owed a duty of care to plaintiff.

83. Defendants breached their duty to plaintiff by assaulting and attacking plaintiff with force and causing damage to plaintiff.

84. Defendants, their officers, agents, servants and employees, were responsible for plaintiff's arrest, detention and imprisonment during this period of time. Defendant City, as employer of Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

85. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

### EIGHTH CAUSE OF ACTION
Negligent Hiring & Retention
(Against City Defendant)

86. The above paragraphs are here incorporated by reference.

87. Upon information and belief, defendant City, through the NYPD, owed a duty

of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

88.   Upon information and belief, defendant City, through the NYPD, owed a duty of care, to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated an injury to plaintiff or those in a position similar to plaintiff's as a result of this conduct.

89.   Upon information and belief, defendant officers were incompetent and unfit for their positions.

90.   Upon information and belief, defendant City knew or should have known through exercise of reasonable diligence that the officer defendants were potentially dangerous.

91.   Upon information and belief, Defendant City's negligence in hiring and retaining the officer defendants proximately caused plaintiff's injuries.

92.   Upon information and belief, because of the defendant City's negligent hiring and retention of defendant officers, plaintiff incurred damages described above.

NINTH CAUSE OF ACTION
MUNICIPAL AND SUPERVISORY LIABILITY
(Against Defendant City)

93.   The above paragraphs are here incorporated by reference.

94.   The City is liable for the damages suffered by plaintiff in that, after learning of their employees' violation of plaintiffs' constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

95.   The City has been alerted to the regular use of false arrests by its police officers, through lawsuits, civilian complaints, notices of claim, City Council hearings, newspaper reports, and cases resulting in declined prosecutions and dismissals, but has nevertheless exhibited deliberate indifference to such false arrests; that deliberate indifference caused the violation of plaintiff's constitutional rights in this case.

96.   The aforesaid event was not an isolated incident.  The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of their police officers unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers.  Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

97.   The Civilian Complaint Review Board ("the CCRB"), a City police oversight agency, often finds complainants lack credibility based in part on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to the CCRB.  In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB.  The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding

misconduct by an officer.

98.    The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct.[1]  The NYPD Department Advocate, which is endowed with the responsibility of following up on substantiated CCRB charges, is understaffed and under-utilized.  Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer, which the police commissioner has done on many occasions.  This entire procedure provide so many opportunities for meritorious complaints of false arrests to be dismissed or disregarded that there is no credible, effective oversight of police department employees, despite an apparantly elaborate set of oversight mechanisms.

99.    Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct.  Without this notification, improper search and seizure practices and incredible testimony go uncorrected.  Even occasional judicial findings that officers have testified incredibly are not reported routinely to the police department or any oversight agencies.

100.    Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated its law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions.

---

[1] The NYCLU issued a report in September 2007 on the CCRB detailing the failure of the NYPD to follow up on substantiated CCRB complaints, among other failures by the City and the CCRB to address police misconduct: "Mission Failure: Civilian Review of Policing in New York City, 1994-2006"

Alan Hevesi, as New York City Comptroller, in 1999 reported that there was a "a total disconnect" between the settlements of even substantial civil claims and police department action against officers. This "total disconnect" causes a system where the City pays vast sums to settle false arrests, but does nothing to address the underlying causes of such false arrests.

101. All of the aforementioned has created a climate where police officers and detectives make lie to prosecutors and in police paperwork and charging instruments, and testify falsely, with no fear of reprisal. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.

102. Plaintiff has been damaged as a result of the deliberate indifference of the Defendant City.


WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

    A.      In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

    B.      Awarding plaintiff punitive damages in an amount to be determined by a jury;

    C.      Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

    D.      Granting such other and further relief as this Court deems just and proper.

JURY DEMAND

Plaintiff demands a trial by jury.

DATED:        November 18, 2009
              Brooklyn, New York


TO:

Corporation Counsel for the
City of New York
100 Church Street
New York, NY  10007

Police Officer Paray
Shield No. 7591

Sergeant "John" Stukes
Shield No. 4778

Respectfully yours,

By: Cynthia Conti-Cook
Bar# CC0778
Stoll, Glickman & Bellina, LLP
Attorneys for Plaintiff
71 Nevins Street
Brooklyn, NY  11217
(718) 852-3710
(718) 852-3586
cconti-cook@stollglickman.com